IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:11-CV-79-H

MIOSHI CHEVELLE MIDGETTE,  )
                           )
    Plaintiff,              )
                           )
                           )
                           )
    v.                      )        ORDER
                           )
                           )
BRITTHAVEN OF NEW BERN,    )
                           )
    Defendant.              )

This matter is before the court on defendant's motion for summary judgment. Plaintiff, who is proceeding pro se, has failed to respond to the motion, despite receiving notice from the clerk's office of her need to respond.[1] The time for further filings has expired. This matter is ripe for adjudication.

Plaintiff worked for defendant, a long-term, skilled care nursing facility, for approximately fourteen months. Throughout her employment, her work performance was poor (e.g., she was habitually late for work, missed a mandatory meeting, and failed to monitor residents' alarms and safety devices). (See Aff. of Melissa Parker, Ex. A to Def.'s Mem. Supp. Summ. J. ¶ 4 [DE #15-

---

[1] On March 8, 2012, plaintiff was advised, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the requirements of Rule 56 of the Federal Rules of Civil Procedure and that failure to respond to defendant's motion may result in the entry of summary judgment against her.

1] ("Parker Aff.").) She also received numerous complaints from charge nurses about perceived laziness, poor attitude and time on task. (Id.) In March of 2010, plaintiff received a final warning for insubordination and inappropriate workplace conduct as a result of being argumentative with a charge nurse. (Id.)

On November 19, 2010, after returning from a brief excused absence, plaintiff again argued with a superior and refused to work her assigned hall. (Id., ¶ 2.) Although her absence had been excused by a doctor's note, the doctor placed no restrictions or limitations on plaintiff's return to work. Plaintiff was terminated for refusing to work her assigned hall on November 22, 2010.

On January 25, 2011, plaintiff filed a Charge of Discrimination with the EEOC alleging that her termination was due to a "disability/record." (Charge of Discrimination, Ex. B to Mem. Supp. Mot. Summ. J. [DE #15-2].) The EEOC issued plaintiff a Notice of Right to Sue on February 15, 2011.

Plaintiff filed the complaint in this matter on May 13, 2011, alleging discriminatory discharge. On November 2, 2011, defendant served plaintiff with Requests for Admissions. Plaintiff failed to respond to these requests. Federal Rule of Civil Procedure 36(a) provides, in pertinent part, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a

written answer or objection." Fed. R. Civ. P. 36 (a). Plaintiff has failed to respond, and all the requested admissions are now deemed admitted, including:

- Defendant terminated plaintiff's employment because of inappropriate work place conduct;

- During her employment, plaintiff was repeatedly tardy for scheduled work shifts and received multiple warnings about deficient work performance.

- From November 19, 2010 forward, no physician has diagnosed the plaintiff with a physical disability;

- When plaintiff returned to work on November 19, 2010, she refused to work the shift and hall to which she had been assigned for that day;

- No physician instructed or advised that the plaintiff could not work the shift and hall to which she had been assigned to work on November 19, 2010;

- Defendant terminated plaintiff's employment because of legitimate, non-discriminatory reasons that have nothing to do with disability or other legally protected classification;

- Plaintiff has no evidence, whether direct or circumstantial, that links her termination of employment with discriminatory motive.

An employer charged with discrimination is entitled to summary judgment if the plaintiff fails to establish a prima facie case or fails to raise a factual dispute regarding the reasons the employer proffers for the alleged discriminatory act. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). Furthermore, "the mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient; there

3

must be evidence on which the jury could reasonably find for the plaintiff." Id. If the plaintiff establishes a prima facie case, then an inference of discrimination arises. See Henson, 61 F.3d at 274.

The defendant then can offer legitimate, nondiscriminatory explanations for the allegedly discriminatory acts. See McDonnell Douglas Corp. v. Green, 792 U.S. 792, 802 (1973). The employer's burden is one of production, not of persuasion; therefore, the employer is not required to prove the absence of discriminatory motive. See Henson, 61 F.3d at 274-75. The plaintiff always bears the ultimate burden of persuasion. If the employer offers a legitimate, non-discriminatory reason, the plaintiff must show by a preponderance of the evidence that the defendant's explanation is merely a pretext for discrimination or otherwise not worthy of credence. See id. at 275. It is not enough for the plaintiff to merely prove the falsity of the employer's explanation; the plaintiff must also prove his case of intentional discrimination. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 147 (2000).

To establish a prima facie case of discriminatory discharge, plaintiff must demonstrate that (1) she belonged to a protected class: (2) she was discharged; (3) at the time of the discharge, she was performing her job at a level that met the employer's legitimate expectations; and (4) her discharge

4

occurred under circumstances that raise a reasonable inference of wrongful discrimination. Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995).

To fall within the ADA's protected class, plaintiff must show she is disabled within the meaning of the act; i.e., a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such impairment; or that she was regarded as having such an impairment. 42 U.S.C. § 12102(2). There is no evidence that plaintiff suffered from such a disability; in fact, her complaint alleges only a "temporary disability."

Furthermore, plaintiff cannot establish that at the time of the discharge she was performing her job at a level that met the employer's legitimate expectations. The undisputed evidence shows that plaintiff had been warned several times about inappropriate conduct and had received a final warning prior to her termination.

Plaintiff has failed to establish a prima facie case of discrimination. Furthermore, defendant has presented legitimate, non-discriminatory reasons for her termination, and plaintiff has failed to present evidence that the reasons were pretext. The record reflects that plaintiff was terminated solely because of repeated performance issues, not

5

Case 4:11-cv-00079-H Document 18 Filed 06/25/12 Page 5 of 6

discrimination violative of federal law. Therefore, defendant is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED. The clerk is directed to close this case.

This 25TH day of June 2012.

*[signature]*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

6